IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

EMILY MILBURN, INDIVIDUALLY
AND AS NEXT FRIEND OF DYMOND
LARAE MILBURN,
        PLAINTIFF,

V.                                    CIVIL ACTION NO. 08-193

SERGEANT GILBERT GOMEZ [BADGE #987],
OFFICERS DAVID ROARK [BADGE #332],
JUSTIN POPOVICH [BADGE #336], AND
SEAN STEWART [BADGE #392],
        DEFENDANTS.

<u>PLAINTIFFS', EMILY MILBURN, INDIVIDUALLY AND AS NEXT FRIEND OF DYMOND LARAE MILBURN, RESPONSE TO DEFENDANTS' ADVISORY TO THE COURT</u>

    Emily Milburn, Individually and as next of friend of Dymond Larae Milburn (hereinafter referenced as Plaintiffs), make this their response to Defendants' Advisory to the Court. For good cause, Plaintiffs would show the Court as follows:

    1. The mediation in this matter took place on May 20, 2009, and terminated at that time. There was no discussion of future settlement. The mediation terminated early because the parties were so far apart on the settlement terms.

    2. The mediator sent out the letter of impasse with respect to the mediation on September 10, 2009, when in fact the mediation took place months before. Albeit, the mediator's letter is dated September 10th, there were no

further meetings between the parties and no additional settlement discussions other than contact by opposing counsel speculating as to what amount the case would settle.[1]  It is now clear that Defendants' intent was to manipulate the motion for summary judgment deadline.  It also appears the mediator was a participant in the ruse associated with extending the motion for summary judgment (see delay in time associated with the mediation date and the letter transmitted to the Court; letter is attached to Defendant's Advisory to the Court).  The mediator's letter to the Court does not provide the date of the mediation but attempts to make it appear that the impasse just occurred.

DATE:  October 30, 2009.

Respectfully submitted,

/s/ ANTHONY P. GRIFFIN
_____

ANTHONY P. GRIFFIN
ATTORNEY-IN-CHARGE

STATE BAR NO. 08455300
FEDERAL ADMISSIONS NO. 4736

---

[1] The mediator did call the undersigned in late August, the first part of September.  When the undersigned inquired why the mediator was calling in that the parties were so far apart in the mediation, the mediator explained that he was exploring whether there was any future discussion and/or whether the Plaintiffs were interested in going back to mediation again (implicit in his conversation was the statement whether Plaintiffs were willing to now take Defendants' settlement range).  The undersigned took the position that the mediator should be calling Defendants' counsel and that he was not interested in engaging in the conversation.

```
                              A GRIFFIN LAWYERS
                              1115 MOODY
                              GALVESTON, TEXAS  77550
                              409.763.0386
                              1.800.750.5034
                              FACSIMILE NO. 409.763.4102

                              ATTORNEYS FOR PLAINTIFFS
```

CERTIFICATE OF SERVICE

This is to certify that on this the 30th day of October, 2009, a true and correct copy of the foregoing Plaintiffs' Response to Defendants' Advisory to the Court was forwarded to opposing counsel, by electronically filing the same consistent with the Local Rules and/or certified mail, return receipt requested, postage prepaid when noted:

WILLIAM S. HELFAND
NORMAN RAY GILES
CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & MARTIN
1200 SMITH STREET, SUITE 1400
HOUSTON, TEXAS  77002

/S/ ANTHONY P. GRIFFIN

_____

ANTHONY P. GRIFFIN

c:word.milburn_emily[civil].response_advisory_court